**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 08-23306-CIV-SEITZ/DUBÉ

CARMEN M. SIEBLER,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE

THIS MATTER is before the Court on the Report and Recommendation of Magistrate

Judge Dubé [DE-20], in which he recommends granting Defendant's Motion for Summary

Judgment [DE-19] and denying Plaintiff's Motion for Summary Judgment [DE-14]. Plaintiff has

filed Objections [DE-21], in which she raises the same arguments previously raised in her

administrative appeal and in her Motion for Summary Judgment. Plaintiff asserts that, in

reaching his decision, the Magistrate Judge, and the Administrative Law Judge (ALJ) before him,

made two errors: (1) he erred by failing to give the proper weight to the treating physician's

findings and (2) he erred in finding that Plaintiff's impairment would not preclude her from

performing the full range of unskilled work. Because the proper weight was accorded to

Plaintiff's physician's opinion, the Magistrate Judge's Report and Recommendation should be

affirmed and Plaintiff's objections overruled.

The standard of review of a decision of the Social Security Commissioner applied by a

district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited
> one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment

for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.* Based on this standard, the Commissioner's decision and the Magistrate Judge's Report and Recommendation must be affirmed.

The first issued raised by Plaintiff is whether the Magistrate erred by failing to give the proper weight to Plaintiff's treating physician's opinion. Generally, substantial weight should be given to the opinion of the treating physician unless good cause exists for not doing so. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists where the doctor's opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the doctor's opinions were conclusory or inconsistent with their own medical records. *Id.* An ALJ must articulate reasons if he or she gives less weight to the opinion of a treating physician. *Id.* The Court agrees with the finding of the Magistrate Judge that the ALJ's decision to assign little weight to the opinion of Plaintiff's treating physician, Dr. Hernandez, was supported by substantial evidence. A review of the record indicates that Dr. Hernandez's opinion was conclusory and inconsistent with his treating notes. The Magistrate's Report sets out many of the inconsistencies in detail. Further, as required, in her findings, the ALJ clearly articulated her reasons for giving Dr. Hernandez's opinion little weight. Thus, there is substantial evidence to support the findings of the ALJ and to assign little weight to the opinion of Dr. Hernandez.

The cases relied upon by Plaintiff to support her objections are distinguishable. In *Brooks*

2

*v. Barnhart*, 428 F. Supp. 2d 1189, 1191 (N.D. Ala. 2006), the Social Security Administration had issued a Ruling specifically addressing the plaintiff's particular condition. The Ruling stated that a treating physician's opinion which is well-supported by medically acceptable diagnostic techniques will be given controlling weight. *Id.* at 1192. Such is not the case here. First, as the ALJ found, Plaintiff's treating physician's opinion is inconsistent with his own medical records regarding Plaintiff's diagnosis and treatment. Second, the standard applied in *Brooks*, which was based on the Social Security Administration's Ruling, does not apply in this case because Plaintiff does not suffer from the same condition as the *Brooks* plaintiff. Thus, Plaintiff's reliance on *Brooks* is unfounded. Plaintiff's reliance on *Logreco v. Astrue*, 2008 WL 783593 (M.D. Fla. 2008), is also misplaced. In *Logreco*, the ALJ had discounted a treating physician's opinion having found that the physician had only seen the plaintiff twice and that the physician's opinion was based solely upon plaintiff's subjective complaints. *Id.* at *11. However, the record reflected that the physician and his staff had seen the plaintiff numerous times and that the physician's opinion was based on diagnostic and clinical findings. *Id.* Thus, the Magistrate Judge concluded that the ALJ's decision was not supported by substantial evidence and instead was based on mischaracterizations of the record. *Id.* That is not the case here.

Plaintiff's objections also state that she objects to the Magistrate's and the ALJ's finding that Plaintiff's impairment would not preclude her from performing the full range of unskilled work. However, while Plaintiff states that she objects to this finding, she has not made any arguments to support her objections other than to raise the issue of the weight given to Dr. Hernandez's opinion. As set out above, there is substantial evidence to support the finding of the ALJ and to support the ALJ's decision to accord Dr. Hernandez's opinion little weight.

The Court having reviewed, *de novo*, the Report and Recommendation of Magistrate Judge Dubé, and having considered Plaintiff's Objections, it is hereby

ORDERED that:

(1) The above-mentioned Report and Recommendation of Magistrate Judge [DE-20] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) The decision of the Commissioner is AFFIRMED;

(3) Defendant's Motion for Summary Judgment [DE-19] is GRANTED;

(4) Plaintiff's Motion for Summary Judgment [DE-14] is DENIED;

(5) Plaintiff's Objections [DE-21] are OVERRULED;

(6) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

and

(7) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 13th day of April, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Dubé
      All counsel of record

4